[Cite as *In re C. ST.*, 2011-Ohio-4392.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
|---|---|---|---|
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | | |

IN RE: C. ST.
      M. ST.

C.A. No.     25758

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE Nos.    DN-02-10-0879
                    DN-02-10-0880

DECISION AND JOURNAL ENTRY

Dated: August 31, 2011

DICKINSON, Judge.

## INTRODUCTION

**{¶1}** When James Stemple and Tonya Smith divorced in 2006, Mr. Stemple became the residential parent for the couple's children, C.S., who was born on July 25, 2000, and M.S., who was born on September 9, 2002. In September 2010, Stacy Smith, who is married to Tonya Smith's brother, moved the Summit County Juvenile Court for legal custody of C.S. and M.S. Following an evidentiary hearing, a magistrate filed a Magistrate's Decision in which he determined that legal custody should be granted to Stacy Smith. The trial court filed a Judgment Entry and Order doing so. Mr. Stemple objected to the Magistrate's Decision, the trial court overruled his objection, and he has appealed to this Court, arguing that the trial court's decision is against the manifest weight of the evidence. This Court affirms the trial court's judgment because Mr. Stemple failed to support his objection to the Magistrate's Decision in the trial court with a transcript of the evidentiary hearing.

## BACKGROUND

**{¶2}** Summit County Children Services became involved with C.S. and M.S. in 2002, when C.S. was two years old and M.S. was five weeks old. At that time, Children Services alleged that they were dependent and neglected, and the Juvenile Court placed them in Children Service's temporary custody. The parties stipulated to a finding that C.S. and M.S. were dependent children and to dismissal of the allegations of neglect. Eventually, the children were returned to the legal custody of their parents with an Order of Protective Supervision by Children Services, and, in July 2003, the trial court terminated the Order of Protective Supervision.

**{¶3}** As previously mentioned, the parents divorced in 2006, and Mr. Stemple became the residential parent. In September 2010, Stacy Smith moved for emergency temporary custody and for a change of legal custody to her, alleging that C.S. and M.S. were being mistreated by Mr. Stemple's brother, who lived with Mr. Stemple and the children. The parents stipulated to temporary custody being awarded to Stacy Smith. Following an evidentiary hearing, the magistrate to whom this matter was assigned filed a Magistrate's Decision recommending that legal custody be awarded to Stacy Smith. The trial court filed a Judgment Entry and Order doing so. Mr. Stemple objected to the Magistrate's Decision, the trial court overruled his objection, and he has appealed to this court.

## DISCUSSION

**{¶4}** Mr. Stemple's sole assignment of error is that the trial court's judgment is against the manifest weight of the evidence. Under Rule 40(D)(3)(b)(iii) of the Ohio Rules of Juvenile Procedure, a party objecting to a magistrate's factual findings must support his objection in the trial court with a transcript of all the evidence that was submitted to the magistrate relevant to that factual finding. Under Rule 40(D)(3)(b)(iv), "[e]xcept for a claim of plain error, a party

shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Juv.R. 40(D)(3)(a)(ii), unless the party has objected to that finding or conclusion as required by Juv.R. 40(D)(3)(b)."

{¶5} Mr. Stemple objected to the Magistrate's Decision on December 10, 2010, asserting that it was against the manifest weight of the evidence. The trial court overruled his objection on December 27, 2010, specifically noting that he had failed to arrange for a transcript of the evidence that had been before the magistrate. Mr. Stemple did arrange for inclusion of a transcript of the proceedings before the magistrate in the record before this Court. The time stamp on that transcript, however, indicates that it was not filed until February 3, 2011, well after disposition of his objection in the trial court. Accordingly, Mr. Stemple's objection in the trial court was not "as required by Juv.R. 40(D)(3)(b)," and this Court can only review this matter for plain error. The trial court did not commit plain error in overruling Mr. Stemple's objection to the Magistrate's Decision. Accordingly, his assignment of error is overruled.

CONCLUSION

{¶6} Mr. Stemple's sole assignment of error is overruled. The judgment of the Summit County Juvenile Court is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

4

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
CLAIR E. DICKINSON
FOR THE COURT

CARR, P.J.
WHITMORE, J.
CONCUR

APPEARANCES:

JAMES STEMPLE, pro se, Appellant.

JONATHAN D. TUCKER, Attorney at Law, for Appellee.